Pike County District Attorney's Office  ATTORNEYS FOR: Respondents
Raymond J. Tonkin, District Attorney
Sarah Wilson, Senior Deputy District Attorney
Identification NO: PA203008
506 Broad St.
Milford, PA 18337
(570) 296-3482 (voice)
(570) 296-3559 (fax)
swilson@pikepa.org (e-mail)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEEBA HARRIS | : | |
| Petitioner | : | Civil No: 1:20-cv-00962 |
| v. | : | |
| | : | (Judge Kane) |
| PIKE COUNTY CORRECTIONAL FACILITY, *et al.* | : | Filed Electronically |
| Respondents | : | |

## RESPONSE TO PETITION FOR HABEAS CORPUS RELIEF

## UNDER 28 USCS 2241

AND NOW, comes the Commonwealth of Pennsylvania representing the Respondents, by and through, Pike County District Attorney Raymond J. Tonkin, and Senior Deputy District Attorney Sarah Wilson and files the within response to the Petition for Writ of Habeas Corpus:

1. The Petitioner, on November 18, 2019, was charged by the Pennsylvania State Police at Magisterial District Court Docket 60304-CR-0000204-2019 with:

a. Terrorism, 18 Pa. C.S. §2717(a)(1);

b. Criminal Conspiracy, 18 Pa. C.S. §903(a)(1);

c. Kidnapping 18 Pa. C.S. §2901(a)(2) & (a)(3);

d. False Imprisonment, 18 Pa. C.S. §2903(a);

e. Unlawful Restraint, 18 Pa. C.S. §2902(a)(1)

f. Robbery, 18 Pa. C.S. §3701(a)(1)(ii), (iii), (iv), (v);

g. Robbery Of Motor Vehicle, 18 Pa. C.S. §3702(a);

h. Theft by Unlawful Taking or Disposition, 18 Pa. C.S. §3921(a);

i. Criminal Attempt, 18 Pa. C.S. §901(a);

j. Burglary, 18 Pa. C.S. §3502(a)(3);

k. Criminal Trespass, 18 Pa. C.S. §3503(a)(1)(ii);

l. Criminal Mischief, 18 Pa. C.S. §3504(a)(5);

m. Terroristic Threats, 18 Pa. C.S. §2706(a)(1) & (a)(3);

n. Aggravated Assault, 18 Pa. C.S. §2702(a)(1)

o. Simple Assault, 18 Pa. C.S. §2701(a)(1) & (a)(3);

p. Recklessly Endangering Another Person, 18 Pa. C.S. §2705;

q. Use or Possession of Electric Or Electronic Incapacitation Device, 18 Pa. C.S. §902.1(a)(2).

*See Docketing Statement attached as Exhibit A.*

2. On November 18, 2019, a preliminary arraignment was conducted wherein the Magisterial District Justice Paul Menditto denied Harris bail citing the reasons:

Flight Risk, Terrorism and Harris was committed to the Pike County Correctional Facility.

3. On December 9, 2020 a preliminary hearing was conducted, in which Harris' case was consolidated with her six co-conspirators for the purposes of the hearing before Magistrate Paul Menditto, Sr.. *See Transcript attached as Exhibit B.*

4. Following preliminary hearings on each docket, a criminal information was filed against Harris in the Pike County Court of Common Pleas at CCP-690-CR-2019.

5. Attorney Oressa Campbell was appointed to represent Harris.

6. On or about April 9, 2020, Attorney Campbell filed a motion requesting a competency assessment of Harris. *See Exhibit C.*

7. The matter was most recently set for the September 2020 trial term, however counsel filed a request for a continuance to the November 2020 trial term citing the reason for the request as "Comp. assessment".

8. A pre-trial conference is scheduled for October 5, 2020 before President Judge Gregory H. Chelak.

9. On May 21, 2020, Harris filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 in the U.S.D.C. Southern District of New York, this matter was transferred on June 8, 2020 to this Honorable Court.

10. On June 24, 2020, the Harris filed a *pro se* "Petition Under 28 USC 2254 For Writ of Habeas Corpu (sic) By A "Person" In State Custody" in the Court of Common Pleas of Pike County. *See Exhibit D.*

11. It does not appear that there is any action by the Court of Common Pleas of Pike County upon this filing.

12. The Respondent is unaware of any action taken in the state appellate court's by Harris related to her pending criminal case in the Pike County Court of Common Pleas.

13. The Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241 on August 28, 2020 with this Honorable Court at the above docket, raising two formal grounds related to her claimed status as a "Tribal Official of the Saw Creek and Pine Ridge Indian Communities" and corresponding claims of defects in jurisdiction.

14. On September 2, 2020, the Honorable Judge Kane directed the Pike County District Attorney's Office to be added as a respondent and directed the filing of a response to the allegations contained within Harris' petition.

## EXHAUSTION AND SPARING JURISDICTION

15. Federal Courts have limited jurisdiction to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 before a judgment is entered in a state criminal proceeding. Smith v. Pennsylvania State Attorney Gen. No. 11-1813, 2011 WL 6012976.

4

16. Section 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is 'in custody in violation of the Constitution or laws or treaties of the United States." Duran v. Thomas, 393 F.App'x 3,4 (3d Cir. 2010)(quoting Moore v. DeYoung, 515 F.2d 437, 442 n.5 (3d Circ. 1975).

17. "In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir.1992).

18. A petitioner must generally exhaust his state court remedies prior to filing for federal habeas relief and the court may only excuse exhaustion of "extraordinary circumstances" are present. Moore, 515 F.2d at 443.

19. This "exhaustion" requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

20. The petitioner bears the burden of demonstrating exhaustion at the state level. O'Halloran v. Ryan, 835 F.2d 506. 508 (3d Cir 1987).

21. In order to satisfy exhaustion the Petitioner must "fairly present his claim to the state courts and complete one round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)

22. That the Pike County Court of Common Pleas has not made determinations upon the Petitioner's similar claims regarding jurisdiction which she raised in her *pro se* filing on June 24, 2020.

23. The Pennsylvania appellate courts have not been presented with these questions raised by Petitioner through the appellate process, and therefore have not made any determinations upon these issues.

24. Petitioner acknowledges throughout her Petition that she has not filed an appeal in the state courts.

25. Petitioner cannot sustain her burden to demonstrate exhaustion.

26. The Petitioner has not made any showing for the need of the federal court extraordinarily exercising its jurisdiction.

27. There are ongoing state proceedings which are judicial in nature, the state proceedings implicate important state interests, and an opportunity is presented in state court to raise federal claims.

WHEREFORE, Respondent respectfully requests that this Honorable Court dismiss the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241 without further proceedings.

Respectfully Submitted,

s/ Raymond J. Tonkin

Raymond J. Tonkin
Pike County District Attorney

Sarah Wilson
Senior Deputy District Attorney
Pa ID No: PA203008
506 Broad St.
Milford, PA 18337
(570) 296-3482 (voice)
(570) 296-3559 (fax)

CERTIFICATE OF SERVICE

I, Sarah Wilson, hereby certify that I am this day serving the foregoing document upon the persons and in the manner indicated below which satisfies the requirements of F.R.C.P. No: 5:

*Service by first class mail addressed as follows:*

Keeba Harris, *Petitioner*
c/o Pike County Correctional Facility
175 Pike County Blvd.
Lords Valley, PA 18428

Oressa Campbell, Esq.

Hon. Gregory H. Chelak, P.J.
President Judge
412 Broad St.
Milford, PA 18337

DATED:  9/22/2020

Sarah Wilson
Senior Deputy District Attorney