## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEEBA HARRIS,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:20-cv-962** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **PIKE COUNTY CORRECTIONAL** | : | |
| **FACILITY, <u>et</u> <u>al.</u>,** | : | |
| **Respondents** | : | |

## <u>MEMORANDUM</u>

On May 21, 2020, <u>pro se</u> Petitioner Keeba Harris ("Petitioner"), who is presently confined at the Pike County Correctional Facility in Hawley, Pennsylvania ("PCCF"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. (Doc. No. 1.) In an Order dated June 8, 2020, that court transferred the above-captioned case to this Court for further proceedings. (Doc. No. 2.) In an administrative Order dated June 16, 2020, this Court directed Petitioner to either pay the requisite filing fee or file a completed motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> within thirty (30) days. (Doc. No. 5.) Petitioner paid the requisite filing fee on June 19, 2020.

Petitioner filed an amended petition on August 28, 2020, in which she seeks to bring her petition pursuant to 28 U.S.C. § 2241. (Doc. No. 6.) In an Order dated September 2, 2020, the Court directed Respondents to file a response to the amended § 2241 petition within twenty (20) days. (Doc. No. 7.) Respondents filed their answer on September 22, 2020. (Doc. No. 8.) Petitioner has not filed a traverse, and the time for doing so has now passed. Accordingly, Petitioner's § 2241 petition is ripe for disposition. For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice for failure to exhaust her state court

remedies and because any conditions of confinement claims, to the extent she intended to assert

them, are more appropriately brought in a civil rights action.

## I.      BACKGROUND

On November 18, 2019, the Pennsylvania State Police charged Petitioner with numerous

offenses, including aggravated assault, terrorism, kidnapping, burglary, robbery, criminal

trespass, theft by unlawful taking or disposition, terroristic threats, criminal mischief, unlawful

restraint, simple assault, reckless endangerment, conspiracy, and use or possession of an

incapacitation device.  (Doc. No. 8 at 1-2.)  On that same day, Pike County Magisterial District

Judge Paul Menditto denied Petitioner bail because Petitioner posed a flight risk and had been

charged with terrorism.  (Id. at 2-3.)  Petitioner was committed to PCCF for pretrial detention.

(Id. at 3.)

On December 9, 2019, the majority of the charges noted above were bound over to the

Court of Common Pleas for Pike County, Pennsylvania for further proceedings.  See

Commonwealth v. Harris, Docket No. CP-52-CR-0000690-2019 (Pike C.C.P.).  The Common

Pleas Court appointed Petitioner counsel, who filed a variety of motions on Petitioner's behalf,

including a motion for a court ordered competency/psychiatric evaluation, and a motion for stay

of discovery and/or pre-trial deadlines.  See id.  The Common Pleas Court granted the motion for

a competency evaluation and continued any hearing on the motion to stay pending the conclusion

of the competency proceedings.  See id.  The matter is scheduled for the January 2021 trial term,

however it is unclear whether it will proceed in light of the pending competency proceedings and

other pre-trial matters.  See id.

In her amended § 2241 petition, Petitioner refers to herself as the Deputy Chief of the

Saw Creek and Pine Ridge Indian Community (the "Community").  (Doc. No. 6 at 10.)

According to Petitioner, the Community is a sovereign tribe and the Common Pleas Court of Pike County lacks jurisdiction over her because the Community never contracted with that court for the provision of legal services.  (Id. at 2.)  Petitioner also alleges that the Community never contracted with the Pennsylvania State Police for law enforcement services and, therefore, the arresting officers had no authority to arrest her.  (Id. at 10-11, 13.)  Petitioner next alleges that certain personal property was seized from her.  (Id. at 13.)  In addition, Petitioner alleges that the Community has not contracted with the Pike County Correctional Facility for housing or other services, and thus her confinement there is unlawful.  (Id. at 14.)  Petitioner also asserts that she was a victim of a pepper spray attack and has also been denied medical treatment.  (Id. at 15-16.)

As relief, Petitioner seeks immediate release as well as the release of her personal property from the Pennsylvania State Police.  (Id. at 24.)  Petitioner admits in her petition that she has not appealed any of her criminal proceedings.  (Id. at 2, 3 ("Petitioner did not file an appeal.").)  In response, Respondents maintain that Petitioner's amended § 2241 petition should be dismissed for Petitioner's failure to exhaust any of her claims for relief in state court.  (Doc. No. 8 at 4-6.)  Respondents also state that Petitioner has not filed any appeals.  (Id. at 6.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if she "is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).  Because Petitioner is currently detained within the jurisdiction of this Court and asserts that her continued detention violates due process, this Court has jurisdiction over her § 2241 petition.  See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III.    DISCUSSION

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2241.  However, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'"  See Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore v. DeYoung, 515 F.2d 437, 445-46 (3d Cir. 1975)).  Thus, a state detainee must first exhaust her state court remedies before a federal court will ordinarily consider her federal habeas claims.  See Lines v. Larkin, 208 F.3d 153, 159 (3d Cir. 2000).  Federal constitutional claims must be fairly presented to the state courts before the claim is considered to be exhausted.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)).

Moreover, "where state court remedies are unexhausted, principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances."  See Robertson v. Allegheny Cty. Ct. of Common Pleas, No. 12-1080, 2012 WL 4712034, at *3 (W.D. Pa. Aug. 22, 2012) (internal quotation marks omitted), report and recommendation adopted, 2012 WL 4712012 (W.D. Pa. Oct. 3, 2012).  Such abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."  See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quotation omitted).  If these requirements are satisfied, "abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised."  See Robertson, 2012 WL 4712034, at *3.

4

In the instant case, a review of the state court dockets for Petitioner's state criminal proceedings indicates that she has not filed any motions seeking review of her bail determinations and her criminal charges remain pending.  Moreover, Petitioner freely admits that she has not appealed to the state appellate courts.  Petitioner has simply failed to demonstrate the extraordinary circumstances necessary for the Court to excuse her failure to exhaust and adjudicate her claims for relief on the merits.  The Court, therefore, agrees with Respondents that Petitioner has failed to exhaust her state court remedies with respect to her claims for relief.

In addition, to the extent that Petitioner intended to bring conditions of confinement claims in the instant amended petition, such claims are more appropriately raised in a civil rights suit pursuant to 42 U.S.C. § 1983.  See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (noting that "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate").  Petitioner's amended § 2241 petition will, therefore, be dismissed without prejudice.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2241.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473,

484 (2000).  In the case at bar, jurists of reason would not find the disposition of this case

debatable.  Accordingly, the Court will not issue a COA in this case.

## V.      CONCLUSION

For the foregoing reasons, Petitioner's amended petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 (Doc. No. 6) will be dismissed without prejudice and a COA will

not issue.  An appropriate Order follows.